FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

RICHARD J. CORNELL,       )
                           )
        Plaintiff,    )
                           )
      v.              )     Civil No. 2006-100
                           )
THE PIRATES' PENSION BOARD OF )
DIRECTORS; EQUIVEST ST.     )
THOMAS, INC.; FAIRFIELD     )
RESORTS, INC.; and ZIMMERMAN, )
ZIEGLER & CHAMBERLAIN,      )
                           )
        Defendants.   )
_____)

ATTORNEYS:

**Pamela L. Colon, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Chad C. Messier, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Equivest St. Thomas, Inc. and Fairfield*
    *Resorts, Inc.*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
    *For defendant The Pirates' Pension Board of Directors.*

**Douglas L. Capdeville, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Zimmerman, Ziegler & Chamberlain.*

<u>ORDER</u>

**GÓMEZ, C.J.**

    The plaintiff, Richard J. Cornell ("Cornell"), commenced this matter in the Superior Court of the Virgin Islands in June, 2006.  Defendant Equivest St. Thomas, Inc. ("Equivest")

*Cornell v. The Pirates' Pension Board of Directors, et al.*
Civil No. 2006-100
Order
Page 2

thereafter removed this matter to this Court.  Equivest

subsequently filed an answer, a cross-claim against defendant

Pirates' Pension Board of Directors (the "Board"), and a

counterclaim against Cornell.  The Board filed an answer but no

counterclaim.  Defendant Zimmerman, Ziegler & Chamberlain

("Zimmerman") did not file an answer or a counterclaim.

At some point during the pendency of this matter, Equivest

filed a Chapter 11 bankruptcy petition.[1]  In March, 2008,

Equivest filed a motion to refer this matter to the bankruptcy

court.  The Court ordered the parties to brief whether the

Bankruptcy Code's automatic stay provision applied to Equivest.

Equivest and Zimmerman filed briefs.  The Court thereafter stayed

this matter with respect to Equivest.  The remaining parties were

to proceed to trial on November 30, 2009.

Cornell has since filed a motion for voluntary dismissal of

this matter with prejudice, with all parties to bear their own

attorneys' fees and costs, as to all defendants pursuant to Rule

41(a)(2) of the Federal Rules of Civil Procedure.  That rule

provides, in pertinent part, that

> an action may be dismissed at the plaintiff's request
> only by court order, on terms that the court considers
> proper.  If a defendant has pleaded a counterclaim
> before being served with the plaintiff's motion to
> dismiss, the action may be dismissed over the

---

[1]  Equivest did not file a notice of bankruptcy with the
Court after filing its bankruptcy petition.

*Cornell v. The Pirates' Pension Board of Directors, et al.*
Civil No. 2006-100
Order
Page 3

      defendant's objection only if the counterclaim can
      remain pending for independent adjudication.

Fed. R. Civ. P. 41(a)(2).  It is within the Court's discretion

whether to grant a Rule 41(a)(2) motion. *See Ferguson v. Eakle*,

492 F.2d 26, 28 (3d Cir. 1974).  In ruling on such a motion, the

Court must "decide the presence or extent of any prejudice to the

defendant by the draconian measure of dismissing plaintiff's

complaint." *Id.* at 29.

      After Cornell filed its motion for voluntary dismissal,

Cornell and Zimmerman jointly filed a signed stipulation of

dismissal with prejudice.  By Order of August 11, 2008, the Court

approved that stipulation and dismissed Cornell's claims against

Zimmerman with prejudice.  Thus, only Equivest and the Board

remain as defendants in this matter.

      The Board has not filed an objection or any other pleading

in response to Cornell's motion for voluntary dismissal.  Because

the Board has not filed a counterclaim, the Court perceives no

prejudice to the Board if Cornell's motion is granted.  The Court

will therefore dismiss Cornell's claims against the Board.

      Equivest has filed a response to Cornell's motion.  In its

response, Equivest states that it does not oppose Cornell's

motion.  However, Equivest requests that the dismissal of this

matter be conditioned on Cornell's reimbursement to Equivest of

attorneys' fees and costs Equivest asserts it incurred in

*Cornell v. The Pirates' Pension Board of Directors, et al.*
Civil No. 2006-100
Order
Page 4

preparing a motion Equivest filed in the bankruptcy court.[2]
Equivest states that Cornell filed his motion to dismiss in this
Court in reaction to Equivest's motion in the bankruptcy court.
Equivest points to Rule 41(a)(2)'s provision that a voluntary
dismissal may be granted "on terms that the court considers
proper." *See* Fed. R. Civ. P. 41(a)(2).

Rule 54(d)(1) of the Federal Rules of Civil Procedure
provides for the recovery of attorneys' fees and costs "to the
prevailing party." *See* Fed. R. Civ. P. 54(d)(1).  As a general
rule, "a defendant may not recover fees when a plaintiff
dismisses an action with prejudice absent exceptional
circumstances." *See Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528
(10th Cir. 1997).  The rationale for this rule is that "when a
plaintiff dismisses an action with prejudice, attorneys' fees are
usually not a proper condition of dismissal because the defendant
cannot be made to defend again." *Id.* (citing *Cauley v. Wilson*,
754 F.2d 769, 771-72 (7th Cir. 1985)).

In this matter, the Court fails to see any exceptional
circumstances raised by Equivest's motion before the bankruptcy
division.  The Court, in its discretion, therefore declines
Equivest's request for attorneys' fees and costs.  Furthermore,
because Equivest does not oppose Cornell's motion, the Court

---

[2]  That motion, which Equivest has attached to its response,
is entitled, "Debtor's Motion to Enforce Plan Provisions."

*Cornell v. The Pirates' Pension Board of Directors, et al.*
Civil No. 2006-100
Order
Page 5

likewise sees no prejudice to Equivest if this matter is

dismissed with prejudice.

The premises considered, it is hereby

**ORDERED** that the motion for voluntary dismissal is **GRANTED**;

it is further

**ORDERED** that this matter is **DISMISSED** with prejudice, with

all parties to bear their own attorneys' fees and costs; and it

is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.[3]

S_____
  **CURTIS V. GÓMEZ**
   **Chief Judge**

_____

[3]   While Equivest is in bankruptcy, "the automatic stay does
not divest all other courts of jurisdiction to hear every claim
that is in any way related to the bankruptcy proceeding. *Arnold
v. Garlock Inc.*, 288 F.3d 234, 236 (5th Cir. 2002). "Further,
th[e] district courts retain jurisdiction to determine the
applicability of the stay to litigation pending before them, and
to enter orders not inconsistent with the terms of the stay." *Id.*
(citations omitted); *see also Dennis v. A.H. Robins Co.*, Inc.,
860 F.2d 871, 872 (8th Cir. 1988) (reasoning that a district
court, despite a stay, may dismiss a case for failure to comply
with court rules to decongest its docket, among other things).

The Court may therefore dismiss Equivest pursuant to Rule
41(a)(2) despite the automatic stay. *See*, *e.g.*, *Villarreal v.
City of Laredo*, Civ. No. 03-11, 2007 U.S. Dist. LEXIS 73584, at
*16-17 (S.D. Tex. Sept. 28, 2007) (considering a Rule 41(a)(2)
motion notwithstanding an automatic stay).